NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL MANUFACTURING CO., : | |
| : | **Civil Action No. 13-0314 (SRC)** |
| Plaintiff, : | |
| v. : | **OPINION AND ORDER** |
| : | |
| CITIZENS INSURANCE COMPANY OF : | |
| AMERICA, et al, : | |
| : | |
| Defendants, : | |
| v. : | |
| : | |
| JANED ENTERPRISES, INC., : | |
| : | |
| Third-Party Defendant. : | |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion for partial summary judgment filed by Plaintiff National Manufacturing Co. ("Plaintiff"). Defendant Hanover Insurance Group ("Defendant") opposes the motion. The Court has considered the arguments made by the parties and proceeds to rule without oral argument. Because Plaintiff effectively asks this Court to issue an advisory opinion, and for the other reasons set forth below, the Court will deny the motion.

    **I.   BACKGROUND**

    This action involves a dispute over insurance coverage. Plaintiff is a company that fabricates metal medical devices, including battery casings that are used in pacemakers. Janed Enterprise, Inc. ("Janed") is a company that manufactures and distributes chemical products, including a passivation agent that it supplied to Plaintiff. Plaintiff alleges that some of the

1

passivation agent that Janed supplied to it was contaminated with too much chloride, which ultimately caused Plaintiff's customers to complain.

Plaintiff submitted a claim to Defendant, its insurance provider, to recover the value of the allegedly defective products. Defendant denied Plaintiff's claim.

Plaintiff initiated this action ("the Insurance Action") against Defendant in January of 2013, alleging that by denying coverage, Defendant had breached its insurance contract and the implied covenant of good faith and fair dealing. On March 19, 2013, Defendant filed a Third Party Complaint against Janed, asserting and preserving its rights of subrogation and indemnification, and alleging that Janed would be responsible for any damages owed to Plaintiff.

Separately, Plaintiff also sued Janed for allegedly supplying the defective products, and the two have since reached a provisional settlement agreement ("the Provisional Settlement").

In February of 2015, Plaintiff moved for partial summary judgment, primarily "seek[ing] a ruling on the effect of the Provisional Settlement on the Insurance Action[.]" [Docket Entry 62, Document 10, at 6]. In support of that motion, Plaintiff argues that Defendant has no current or future subrogation rights against Janed because Defendant failed to make any payments on Plaintiff's claim for coverage. Plaintiff urges that such a finding is warranted by the absolute-waiver rule -- a legal principle which holds that an insurance provider waives its rights to subrogation if it fails to make payments under a policy.

Defendant opposes the motion. Among other points argued, Defendant emphasizes that Plaintiff has improperly sought an advisory opinion from this Court. On the merits of Plaintiff's motion, Defendant contends that New Jersey has not adopted the absolute-waiver rule upon which Plaintiff relies.

**II.    DISCUSSION**

    **A. Legal Standard**

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'"  Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)).  The court may not make credibility determinations or engage in any weighing of the evidence.  Anderson, 477 U.S. at 255.

The showing required to establish that there is no genuine issue of material fact depends on whether the moving party bears the burden of proof at trial.  On claims for which the moving party does not bear the burden of proof at trial, the movant must point out to the district court "that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.  In contrast, "[w]hen the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact.  Jersey Cent. Power & Light Co.

v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S. Ct. 773 (2014).  However, the party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

    **B.  Factors Weighing Against Judgment**

The Court declines to grant summary judgment in Plaintiff's favor.  The Court reaches that decision in light of the rule against advisory opinions, the existence of material factual disputes, and because Plaintiff asks this Court to weigh in on a novel issue of state law.

First, the United States Supreme Court has observed that "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."  Flast v. Cohen, 392 U.S. 83, 96 (1968).  In order for a federal court to render judgment, the issue before it

> must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.
>
> [N. Carolina v. Rice, 404 U.S. 244, 246 (1971) (internal citation and quotation marks omitted)].

Here, the instant motion improperly seeks an advisory opinion from this Court.  Plaintiff has in essence moved for a judgment setting forth what the parties' rights would be if Plaintiff

4

and Janed indeed executed their provisional settlement.  Specifically, Plaintiff appears to seek a judgment holding:  that Defendant has no current or future subrogation rights against Janed; that Plaintiff may seek additional damages from Defendant as is necessary for Plaintiff to be made whole; that the provisional settlement agreement regarding the allocation between insured and uninsured portions of loss will be binding; and that the action shall proceed to determine whether Defendant owes damages to Plaintiff for having denied it coverage.  Rather than seeking judgment on the legal claims that it has brought against Defendant in this action, Plaintiff asks the Court for a green-light to move forward in its settlement with Janed, and for an assurance that the agreement will lead to favorable circumstances for its signatories.  See Docket Entry 62, Document 10, Page 5 (Plaintiff asserts that it wants "summary judgment seeking to allow the settlement with Janed . . . but preserving [its] claims against Defendants).  That is not the role of this Court.  See Rice, 404 U.S. at 246.

Next, critically, Plaintiff's motion appears to contravene Rule 56(a)'s requirement that summary judgment be issued only if no disputes of material fact exist.  Plaintiff has asked the Court to endorse Plaintiff's and Janed's allocations of covered-versus-uncovered losses, which implicates disputes between Plaintiff and Defendant, and which would require factual development in order to be resolved.

Finally, rendering judgment at this time would be improper for an additional reason.  To advance its motion, Plaintiff relies primarily on an absolute-waiver rule that is recognized in other jurisdictions, but which has not yet been authoritatively addressed in New Jersey.  See Nucci v. Am. Ins. Co., No. A-0147-13T1, 2014 WL 6977767, at *3 (N.J. App. Div. Dec. 11, 2014) (declining to decide whether to adopt the absolute-waiver rule, and observing that the issue is "of first impression in New Jersey" which the state "has not addressed[.]").  Plaintiff

5

alternatively cites nonbinding authority from other jurisdictions, see Bunge Corp. v. London & Overseas Insurance Co., 394 F.2d 496, 497 (2d Cir. 1968), or cases that are readily distinguishable from the instant dispute, see Transportes Ferreos de Venezuela II CA v. NKK Corp., No. 96-cv-4016, 1999 WL 33232347 (D.N.J. Mar. 5, 1999) (action involving insured tortfeasor seeking defense and indemnification from its provider).

When possible, United States District Courts sitting in diversity should not wade into the waters of creating new state law. See generally Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Congress has no power to declare substantive rules of common law applicable in a state . . . . And no clause in the Constitution purports to confer such a power upon the federal courts."); Makariw v. Rinard, 336 F.2d 333, 334 (3d Cir. 1964) (holding that when federal court in diversity addresses an issue of first impression in the state, the court must "consider such approach to the problem as may be indicated by the [state] cases in the general field[.]"); see also Neff v. Flagstar Bank, 520 F. App'x 323, 329 (6th Cir. 2013) (citing principle that "federal courts sitting in diversity should avoid declaring a new rule of state law if the case can otherwise be properly decided."). This Court declines Plaintiff's invitation to needlessly settle a question of state law which New Jersey courts have not yet resolved.

### III. CONCLUSION

For the reasons above, the Court will deny Plaintiff's motion. Therefore,

**IT IS** on this 15th day of April, 2015,

**ORDERED** that Plaintiff's motion for partial summary judgment [docket entry 62] be and hereby is **DENIED**.

                                                   s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                              United States District Judge